**LEWIS BRISBOIS BISGAARD & SMITH LLP**
MELISSA T. DAUGHERTY, SB# 227451
 E-Mail: Melissa.Daugherty@lewisbrisbois.com
KELLEY M. FOX, SB# 309272
 E-Mail: Kelley.Fox@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendant, Public Storage

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CARMEN JOHN PERRI, an individual, | CASE NO. 2:18-cv-09248-MWF-AFM |
| Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT PUBLIC STORAGE'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND REQUEST TO DECLINE SUPPLEMENTAL JURISDICTION** |
| vs. | |
| PUBLIC STORAGE, a business of unknown form; and DOES 1-10, inclusive, | |
| Defendant. | The Hon. Michael W. Fitzgerald |
| | Date:      October 7, 2019 |
| | Time:      10:00 a.m. |
| | Ct. Rm.:  5A |
| | Trial Date:   January 28, 2020 |
| | Action Filed:  October 29. 2018 |

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

4811-9932-9435.1

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ........................................................................... 1

II.    FACTUAL BACKGROUND ........................................................... 1

III.    LEGAL ARGUMENT ................................................................... 2

    A.    Summary Judgment .......................................................... 2

    B.    Plaintiff's Prima Facie Case Under the ADA ...................... 2

    C.    Plaintiff's Injunctive Relief Claims Are Moot. ................... 3

        1.    The Mootness Doctrine in ADA Accessibility Cases. ................ 3

        2.    Plaintiff's Claim For Injunctive Relief is Moot. ...................... 5

IV.    THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S REMAINING STATE LAW CLAIM ..................................................... 7

    A.    The Dismissal of Plaintiff's ADA Claim Warrants Dismissal of Plaintiff's Remaining State-Law Claim. ................... 7

    B.    Plaintiff's State-Law Claim Raises Novel and Complex Issues of State Law. ................................................. 9

    C.    Plaintiff's State Law Claim Substantially Predominates Over The ADA Claim. ................................................. 9

    D.    State Court Provides a More Efficient Forum for Plaintiff's State Law Claim. ........................................ 11

V.    CONCLUSION .......................................................................... 12

4811-9932-9435.1

i

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND REQUEST TO DECLINE SUPPLEMENTAL JURISDICTION

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

# <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

<u>Federal Court Cases</u>

*Acri v. Varian Assocs, Inc.*,
   114 F.3d 999 (9th Cir. 1997)..........................................................................9

*Carnegie-Mellon Univ. v Cohill*,
   484 U.S. 343 (1988)   ………………………………………………………8

*Chapman v. Starbucks Corp.*,
   2011 U.S. Dist. LEXIS 3570 at*11 (E.D. Cal. 2011) .....................................3

*Chapman v. Stations, Inc.*,
   2011 U.S. Dist. LEXIS 114750 at *5 (E.D. Cal. 2011) ..................................2

*County of Los Angeles v. Davis*,
   440 U.S. 625 (1979) ........................................................................................4

*Flast v. Cohen*,
   392 U.S. 83 (1968) ..........................................................................................3

*Gasper v. Marie Callender Pie Shops*,
   2006 U.S. Dist. LEXIS 96929 at *4 (C.D. Cal. 2006)....................................4

*Hubbard v. 7-Eleven, Inc.*,
   433 F. Supp. 2d 1134 (S.D. Cal. 2006) ..........................................................5

*In re Oracle Corp. Securities Litigation*,
   627 F.3d 376 (9th Cir. 2010)...........................................................................2

*Lujan v. Defenders of Wildlife*,
   504 U.S. 555 (1992) ........................................................................................4

*Mayberry v. Von Valtier*,
   843 F. Supp. 1160 (E.D. Mich. 1994) .............................................................3

*Medical Soc'y of N.J. v. Herr*,
   191 F. Supp. 2d 574 (D.N.J. 2002) .................................................................4

*Oliver v. In-N-Out Burgers*,
   286 F.R.D. 475 (S.D. Cal. 2012)...................................................................10

*Oliver v. Ralphs Grocery Co.*,
   654 F.3d 903 (9th Cir. 2011)......................................................................2, 8

*Parr v. Waianae L & L, Inc.*,
   2000 U.S. Dist. LEXIS 7373 at *66 (D. Haw. 2000)......................................4

*Paulick v. Starwood Hotels & Resorts Worldwide, Inc.*,
   2012 U.S. Dist. LEXIS 101332 (N.D. Cal. 2012)...........................................4

4811-9932-9435.1

ii

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR PARTIAL
SUMMARY JUDGMENT AND REQUEST TO DECLINE SUPPLEMENTAL JURISDICTION

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

*Pickern v. Best W. Timber Cove Lodge Marina Resort*,
    194 F. Supp. 2d 1128 (E.D. Cal. 2002)...........................................4

*Ramirez v. Lococo's Cucina Rustica*,
    2018 U.S. Dist. LEXIS 5447 (N.D. Cal. 2018)...............................8

*Renne v. Geary*,
    501 U.S. 312 (1991) .........................................................................4

*Rodgers v. Chevys Restaurants, LLC*,
    2015 U.S. Dist. LEXIS 22164 at *11 (N.D. Cal. 2015)...................8

*Rogers v. Irvine Co. LLC*,
    2014 U.S. Dist. LEXIS 86620 at *2 (C.D. 2014) .............................8

*Schneider v. TRW, Inc.*,
    938 F.2d 986 (9th Cir. 1991) ...........................................................7

*Stevey v. 7-Eleven, Inc.*,
    2009 U.S. Dist. LEXIS 53801 (E.D. Cal. 2009) ..............................3

*United Mine Workers v. Gibbs*,
    383 U.S. 715, 86 S. Ct. 1130 (1966) .............................................7, 9

*Vogel v. Winchell's Donut Houses Operating Co., L.P.*,
    252 F. Supp. 3d 977 (C.D. Cal. 2017)...........................................3, 5

*Wander v. Kaus*,
    304 F.3d 856 (9th Cir. 2002) ...........................................................3

<u>State Court Cases</u>

*Gunther v. Lin*,
    144 Cal.App.4th 223 (2006) .............................................................9

<u>Federal Statutory Authorities</u>

28 U.S.C. § 1367.....................................................................................8

28 U.S.C. § 1367(c) .............................................................................7, 8

42 U.S.C. § 12182(a) ..............................................................................2

42 U.S.C. § 12182(b)(2)(A)(iv) ..............................................................3

42 U.S.C. § 12188(a)(1) ..........................................................................3

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4811-9932-9435.1

iii

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR PARTIAL
SUMMARY JUDGMENT AND REQUEST TO DECLINE SUPPLEMENTAL JURISDICTION

1

State Statutory Authorities

2  § 55.3 ...................................................................................................10

3  § 55.52 .................................................................................................10

4  § 472  ...................................................................................................10

5  § 473  ...................................................................................................10

6  § 1367(c) ...............................................................................................9

7  Cal. Civ. Code §52.................................................................................11

8  Cal. Civ. Code §52.2..............................................................................11

9  Cal. Civ. Proc. Code §425.50 ...........................................................9, 10

10 Cal. Civ. Proc. Code §1033(b) ..............................................................11

11

Federal Rules and Regulations

12
Fed. R. Civ. P. 56(c) ..............................................................................2

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4811-9932-9435.1

iv

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR PARTIAL
SUMMARY JUDGMENT AND REQUEST TO DECLINE SUPPLEMENTAL JURISDICTION

# MEMORANDUM OF POINTS & AUTHORITIES

## I.    INTRODUCTION

Plaintiff Carmen John Perri ("Plaintiff") has brought suit against Defendant Public Storage ("Defendant") for violations of the Americans with Disabilities Act ("ADA") and the California Unruh Civil Rights Act (UCRA).  Defendant brings this motion on two grounds.  Fist, Plaintiff's sole claim for injunctive relief must be dismissed because all of the barriers identified in Plaintiff's Complaint are moot: the parking lot at the subject facility presently has compliant disabled parking spaces that meet current ADA and California Building Code ("CBC") accessibility standards and the subject facility presently does not have a door latch lock that requires tight grasping, a towel dispenser, or any service counter inside the facility. Thus, the elements of the subject facility identified in Plaintiff's Complaint are currently compliant under federal and state accessibility standards.  Second, the Court should decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claim because doing so would promote the values of fairness and comity, Plaintiff's state claim raises novel and complex issues of state law, Plaintiff's state claim substantially predominates over his federal claim, and state court would provide a more efficient forum for Plaintiff's state law claim.

## II.    FACTUAL BACKGROUND

Plaintiff alleges he is substantially limited in performing one or more major life activities (including but not limited to walking, standing, ambulating, sitting, and grasping objects). (Complaint ¶ 1, ECF No. 1).   Plaintiff further alleges that as a result, he relies upon mobility devices (including at times a wheelchair) to ambulate. (Complaint ¶ 2).

Defendant operates the Public Storage business located at 11200 W. Pico Blvd., Los Angeles, CA 90065 (the "Facility") and owns the property upon which the Facility is located.  Plaintiff alleges that when he visited the Facility on February 3, 2018 and October 17, 2018, the following architectural barriers existed:

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND REQUEST TO DECLINE SUPPLEMENTAL JURISDICTION

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1.    There were no designated parking spaces available for persons with disabilities that complied with the Americans with Disabilities Act Accessibility Guidelines; [SUMF 1] (Complaint ¶ 14);

2.    Defendant had a built up curb ramp that projected from the sidewalk and into the access aisle and was in excess of the maximum grade allowed by ADAAG specifications; [SUMF 2] (Complaint ¶ 15);

3.    A door latch lock required tight grasping; [SUMF 3] (Complaint ¶ 15);

4.    A towel dispenser was too high; [SUMF 4] (Complaint ¶ 15);

5.    A service counter was too high according to ADAAG specifications [SUMF 5] (Complaint ¶ 15).

III. **LEGAL ARGUMENT**

A. **Summary Judgment**

Summary judgment is appropriate when it is demonstrated that no genuine issue as to any material fact exists, and that the moving party is entitled to judgment as a matter of law. *Federal Rule of Civil Procedure* 56(c)[1]; *Chapman v. Stations, Inc.*, 2011 U.S. Dist. LEXIS 114750 at *5 (E.D. Cal. 2011). The moving party initially bears the burden of proving the absence of a genuine issue of material fact. *In re Oracle Corp. Securities Litigation*, 627 F.3d 376, 387 (9th Cir. 2010). If this burden is sustained, "the burden then shifts to the non-moving party to designate specific facts demonstrating the existence of genuine issues for trial." *Id.*

B. **Plaintiff's Prima Facie Case Under the ADA**

Title III of the ADA prohibits discrimination on the basis of disability in the "full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation." 42 U.S.C. § 12182(a); *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 904 (9th Cir. 2011). Discrimination

---

[1] All further code references are to the Federal Rules of Civil Procedure unless otherwise stated.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    includes the "failure to remove architectural barriers . . . that are structural in nature,

2    in existing facilities . . . where such removal is readily achievable."  42 U.S.C. §

3    12182(b)(2)(A)(iv).  Under Title III the ADA, a plaintiff may only obtain injunctive

4    relief (i.e., removal of the alleged barrier) and is not entitled to monetary damages.

5    42 U.S.C. § 12188(a)(1); *Oliver*, 654 F.3d 903 at 905; *Wander v. Kaus*, 304 F.3d

6    856, 858 (9th Cir. 2002).  As such, "a defendant's voluntary removal of alleged

7    barriers prior to trial can have the effect of mooting [an] ADA claim."  *Oliver*, 654

8    F.3d 903 at 905; *see also Chapman v. Starbucks Corp.*, 2011 U.S. Dist. LEXIS 3570

9    at*11 (E.D. Cal. 2011); *Stevey v. 7-Eleven, Inc.*, 2009 U.S. Dist. LEXIS 53801, *26-

10   *27 (E.D. Cal. 2009) ("Because a private ADA plaintiff is limited to seeking

11   injunctive relief and attorney's fees… a plaintiff's ADA claim is moot if the

12   defendant makes the precise alterations or accommodations that the plaintiff sought

13   to require with an injunction").

14        To establish a *prima facie* case for injunctive relief under the ADA, a plaintiff

15   must establish: (1) Plaintiff is a qualified individual with a disability; (2) Defendants

16   owned, leased, or operated a place of public accommodation; (3) the place of public

17   accommodation was in violation of one or more construction-related accessibility

18   standards; and (4) the violations denied Plaintiff full and equal access to the place of

19   public accommodation.  *See Vogel v. Winchell's Donut Houses Operating Co., L.P.*,

20   252 F. Supp. 3d 977, 983 (C.D. Cal. 2017); *Mayberry v. Von Valtier*, 843 F. Supp.

21   1160, 1166 (E.D. Mich. 1994).

22        C.    **Plaintiff's Injunctive Relief Claims Are Moot.**

23            1.    **The Mootness Doctrine in ADA Accessibility Cases.**

24        Under Article III of the United States Constitution, federal courts may only

25   adjudicate actual cases or controversies where true adversarial interests give rise to a

26   clear and concrete conflict.  *Flast v. Cohen*, 392 U.S. 83, 96-97 (1968).  In order to

27   establish and maintain standing to bring suit, a plaintiff bears the burden of showing:

28   (1) injury-in-fact, or the invasion of a legally protected interest, that is both (a)

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4811-9932-9435.1                                                     3
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR PARTIAL
SUMMARY JUDGMENT AND REQUEST TO DECLINE SUPPLEMENTAL JURISDICTION

1    concrete and particularized and (b) actual or imminent; (2) a causal connection

2    between the injury and the conduct complained of; and (3) *a likelihood that a*

3    *favorable decision will redress the wrong.* *Lujan v. Defenders of Wildlife,* 504 U.S.

4    555, 560 (1992).  Mootness is a jurisdictional defect that can be raised at any time

5    by the parties or the court *sua sponte*.  *Parr v. Waianae L & L, Inc.*, 2000 U.S. Dist.

6    LEXIS 7373 at *66 (D. Haw. 2000).  To demonstrate that a case is moot, the

7    defendant must show that the issues involved are no longer "live" or that the parties

8    lack a legally cognizable interest in the outcome.  *County of Los Angeles v. Davis*,

9    440 U.S. 625, 631 (1979).  The court cannot take jurisdiction over a claim to which

10   no effective relief can be granted.  *Id*.  Moreover, "past exposure to illegal conduct

11   does not in itself show a present case or controversy… if unaccompanied by any

12   continuing present adverse effects."  *Renne v. Geary*, 501 U.S. 312, 320-321 (1991).

13   This requirement ensures that the courts are able to grant effective relief, rather than

14   render advisory opinions.  *Medical Soc'y of N.J. v. Herr*, 191 F. Supp. 2d 574, 581

15   (D.N.J. 2002).

16           The law is well-established that a defendant's remedial efforts will render a

17   plaintiff's ADA claim for injunctive relief moot.  *See Gasper v. Marie Callender*

18   *Pie Shops*, 2006 U.S. Dist. LEXIS 96929 at *4 (C.D. Cal. 2006) ("the only remedy

19   available for a violation of the Americans with Disabilities Act under a private right

20   of action is injunctive relief.  Accordingly, if no ADA violations exist at the time the

21   court is asked to provide injunctive relief, the ADA claim is moot because there is

22   no basis for relief and there is nothing for the court to order the facility to change.")

23   For these reasons, courts routinely dismiss disability access claims as moot when

24   defendants modify allegedly noncompliant barriers.  *See, e.g., Paulick v. Starwood*

25   *Hotels & Resorts Worldwide, Inc.,* 2012 U.S. Dist. LEXIS 101332 (N.D. Cal. 2012)

26   (granting summary judgment in favor of Defendants where Defendants corrected the

27   specific barriers listed in Plaintiff's complaint); *Pickern v. Best W. Timber Cove*

28   *Lodge Marina Resort*, 194 F. Supp. 2d 1128 (E.D. Cal. 2002) (granting summary

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4811-9932-9435.1                                    4
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR PARTIAL
SUMMARY JUDGMENT AND REQUEST TO DECLINE SUPPLEMENTAL JURISDICTION

1    judgment in favor of Defendant and finding that where Defendant made alterations

2    to its facilities to remove the barriers of access, Plaintiff's claim for injunctive relief

3    under the ADA was moot); *Hubbard v. 7-Eleven, Inc.*, 433 F. Supp. 2d 1134, 1145

4    (S.D. Cal. 2006) (Defendant repaired the ramp slope from the public sidewalk to the

5    store entrance, which was too steep, thus mooting the ADA claim); *Vogel*, 252 F.

6    Supp. 3d 977 (C.D. Cal. 2017) (granting summary judgment where the Plaintiff

7    admitted that the barriers alleged in the Complaint were eventually removed,

8    rending his ADA claim moot.)

9            2.    **Plaintiff's Claim For Injunctive Relief is Moot.**

10        Plaintiff's claim for injunctive relief pursuant to the ADA is moot because the

11    barriers alleged in Plaintiff's Complaint at the Facility do not currently exist.

12    Plaintiff alleged in his Complaint that there were no designated parking spaces

13    available for persons with disabilities at the Facility that complied with the ADAAG

14    in February and October 2018.  Plaintiff further alleged there was a built up curb

15    ramp, a door latch lock required tight grasping, a towel dispenser was too high, and

16    a service counter was too high.  None of the aforementioned conditions currently

17    exist.  Thus, the cause of Plaintiff's alleged injury is gone and is not likely to return

18    or reoccur.

19        Karen Haney, a California state Certified Access Specialist with 26 years of

20    experience specializing in the ADA and related California access laws, inspected the

21    Facility on August 15, 2019 and prepared the report attached as Exhibit A to her

22    declaration.  With respect to the report, Ms. Haney personally conducted the

23    inspection and took the measurements reflected in the report.  Presently, the parking

24    lot at the Facility has compliant disabled parking spaces that meet current ADA and

25    California Building Code ("CBC") accessibility standards.  [SUMF 6], (Declaration

26    of Karen O. Haney ["Haney Decl."] ¶ 7.)  Any business that provides parking spaces

27    must provide accessible parking spaces.  *See* 2010 ADA Standards § 208.  There is

28    one van accessible parking space and one regular accessible parking space provided

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4811-9932-9435.1

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR PARTIAL
SUMMARY JUDGMENT AND REQUEST TO DECLINE SUPPLEMENTAL JURISDICTION

1   at the Facility, both of which share a compliant access aisle and have dimensions,

2   striping, signage, and slopes that comply with the ADA and CBC.  [SUMF 7],

3   (Haney Decl., ¶ 7; Exhibit A to Haney Decl., p. 1.)  Access Aisles shall be at the

4   same level as the parking spaces they serve.  2010 ADA Standards § 502.4.

5   Currently, an inset curb ramp exists at the head of the access aisle at the accessible

6   parking spaces at the Facility, which is inset into the walk at the head of the

7   accessible parking and does not project into any part of the adjacent accessible

8   parking spaces or access aisle in compliance with the ADA and CBC.  [SUMF 8],

9   (Haney Decl., ¶ 8; Exhibit A to Haney Decl., pp. 2-3.)

10         Operable parts shall be operable with one hand and shall not require tight

11   grasping, pinching, or twisting of the wrist.  *See* 2010 ADA Standards § 309.4.

12   There is presently no door latch lock at the Facility, including on the restroom door,

13   that requires tight grasping, pinching or twisting of the wrist to operate.  [SUMF 9],

14   (Haney Decl., ¶ 9; Exhibit A to Haney Decl., p. 4.)  Additionally, operable parts

15   must be mounted at a maximum of 48 inches above the floor surfaces.  *See* 2010

16   ADA Standards §§ 308, 309.3.  Accessories in toilet facilities must be mounted at a

17   maximum of 40 inches above the floor surface.  *See 2016* CBC 11B-603.5.

18   Currently, there is no towel dispenser at the Facility, including in the restroom.

19   [SUMF 10], (Haney Decl., ¶ 10.)   Based upon Ms. Haney's inspection of the

20   August 15, 2019 and corresponding report, the elements of the Facility identified in

21   Plaintiff's Complaint pertaining to the accessible parking spaces, curb ramp, door

22   lock latch, and paper towel dispenser are currently compliant under federal and state

23   accessibility standards.  (*Id*.)

24         Plaintiff's remaining claim – which is that the service counter inside the

25   Facility is too high according to ADAAG specifications – is also moot.  There is

26   currently no interior service counter at the Facility because a portion of the Facility

27   premises (including the front office, where in the service counter was located) was

28   demolished on August 16, 2019.  [SUMF 11], (Declaration of Matt Levit ["Levit"

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  Decl."], ¶¶ 3-4.)  The service counter at the Facility that was demolished will not be

2  reinstalled.  [SUMF 12], (Levit Decl. ¶ 5.)

3      In light of the above, Plaintiff's claim for injunctive relief under the ADA is

4  moot.  Therefore, there is no need for this court to issue any injunctive relief as to

5  Defendant because there is no reasonable possibility that Plaintiff will be the subject

6  of the discrimination alleged in his Complaint by Defendant in the future.

7  IV.    **THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL**

8      **JURISDICTION OVER PLAINTIFF'S REMAINING STATE LAW**

9      **CLAIM.**

10      Pursuant to 28.U.S.C. § 1367(c), a district court has the discretion to decline

11  to exercise supplemental jurisdiction over a state law claim where one or more of

12  the following circumstances exist:

13      "(1) the claim raises a novel or complex issue of State law,

14       (2) the claim substantially predominates over the claim or claims over which

15  the district court has original jurisdiction,

16       (3) the district court has dismissed all claims over which it has original

17  jurisdiction, or

18      (4) in exceptional circumstances, there are other compelling reasons for

19  declining jurisdiction."

20      Here, at least three of the four statutory grounds exist for this Court to decline

21  supplemental jurisdiction.

22      A.    **The Dismissal of Plaintiff's ADA Claim Warrants Dismissal of**

23          **Plaintiff's Remaining State-Law Claim.**

24      The Supreme Court has held that **if federal claims are dismissed before**

25  **trial, courts should decline to exercise supplemental jurisdiction over the**

26  **remaining state-law claims**. *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.

27  Ct. 1130 (1966); *Schneider v. TRW, Inc.*, 938 F.2d 986, 993 (9th Cir. 1991); *see also*

28  28 U.S.C. § 1367(c).  "In the usual case in which all federal-law claims are

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4811-9932-9435.1

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR PARTIAL
SUMMARY JUDGMENT AND REQUEST TO DECLINE SUPPLEMENTAL JURISDICTION

1    eliminated before trial, the balance of factors to be considered under the pendent

2    jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will

3    point toward declining to exercise jurisdiction over the remaining state-law claims."

4    *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350, fn. 7 (1988).

5          Courts have properly and routinely declined to exercise supplemental

6    jurisdiction over related state-law claims once the ADA cause of action has been

7    dismissed.  *Id; see also Rodgers v. Chevys Restaurants, LLC,* 2015 U.S. Dist.

8    LEXIS 22164 at *11 (N.D. Cal. 2015); *Ramirez v. Lococo's Cucina Rustica*, 2018

9    U.S. Dist. LEXIS 5447 (N.D. Cal. 2018).  For example, in *Oliver v. Ralphs Grocery*

10   *Company*, the Ninth Circuit upheld the district court's decision to decline

11   supplemental jurisdiction over the plaintiff's state-law access claims once his ADA

12   claim had been dismissed, stating that due to the balance of the factors of judicial

13   economy, convenience, fairness, and comity, the district court properly declined to

14   exercise supplemental jurisdiction over Plaintiff's state law claims after granting

15   summary judgment in favor of Defendants on Plaintiff's ADA claim.  *Oliver*, 654

16   F.3d 903 at 911.

17         Here, the granting of Defendant's Motion for Partial Summary Judgment

18   warrants a dismissal of Plaintiff's state-law claim, as such a dismissal would

19   promote the values of fairness and comity.  Written discovery has been propounded

20   by both parties and no depositions have been taken or joint inspections conducted.

21   Plaintiff cannot claim he is deeply invested in litigating in this forum.  Accordingly,

22   "[t]his is thus not a situation in which significant resources were expended in federal

23   court and dismissal would require a new judge to develop familiarity with a

24   complex factual situation."  *Rogers v. Irvine Co. LLC*, 2014 U.S. Dist. LEXIS 86620

25   at *2 (C.D. 2014).  There can be no showing of unusual or extraordinary

26   circumstances to justify retaining jurisdiction over Plaintiff's remaining state law

27   claim. Accordingly, this Court should decline to exercise supplemental jurisdiction

28   under 28 U.S.C. § 1367 over Plaintiff's remaining state law claim.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4811-9932-9435.1

8

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR PARTIAL
SUMMARY JUDGMENT AND REQUEST TO DECLINE SUPPLEMENTAL JURISDICTION

B.   **Plaintiff's State-Law Claim Raises Novel and Complex Issues of**
     **State Law.**

Courts have long recognized that state law claims for monetary damages substantially predominate over claims for injunctive relief under the ADA. *See Gunther v. Lin*, 144 Cal.App.4th 223, 256 (2006) ("state law claims have become the tails that wag the dog of federal ADA litigation in California").  The Supreme Court has indicated that where "state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals." *Gibbs,* 383 U.S. at 726-727.  (While Gibbs is a pre-section 1367(c) case, the Ninth Circuit has indicated that Gibbs informs a section 1367(c) analysis. *See Acri v. Varian Assocs, Inc*., 114 F.3d 999, 1001 (9th Cir. 1997).)

Here, the statutory damages available to Plaintiff under the Unruh Act substantially predominate over the injunctive relief available to Plaintiff under the ADA.  Plaintiff seeks a minimum of $4,000 in statutory damages.  Under the ADA, Plaintiff is only entitled to injunctive relief and attorneys' fees.  Thus, given the disparity in available remedies, the Court should find that Plaintiff's remaining state claim substantially predominates over his federal claim.

C.   **Plaintiff's State Law Claim Substantially Predominates Over The**
     **ADA Claim.**

The passage of Senate Bill 1186 in 2012 presents additional novel issues of state law.  Among other things, this law codified new procedural requirements for disability discrimination lawsuits, including pre-litigation demands for money and the veracity of complaints.  As amended, California Code of Civil Procedure §425.50 states, in relevant part:

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4811-9932-9435.1

9

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND REQUEST TO DECLINE SUPPLEMENTAL JURISDICTION

(a) An allegation of a construction-related accessibility claim in a complaint, as defined in subdivision (a) of Section 55.52 of the Civil Code, shall state facts sufficient to allow a reasonable person to identify the basis of the violation or violations supporting the claim, including all of the following:

> (1) A plain language explanation of the specific access barrier or barriers the individual encountered, or by which the individual alleges he or he was deterred, with sufficient information about the location of the alleged barrier to enable a reasonable person to identify the access barrier.

> (2) **The way in which the barrier denied the individual full and equal use or access, or in which it deterred the individual, on each particular occasion**.

> (3) The **date or dates of each particular occasion** on which the claimant encountered the specific access barrier, or on which he or she was deterred.

(b) **A complaint** alleging a construction-related accessibility claim, as those terms are defined in subdivision (a) of Section 55.3 of the Civil Code, **shall be verified** by the plaintiff. A complaint filed without verification shall be subject to a motion to strike.

(c) Nothing in this section shall limit the right of a plaintiff to amend a complaint under Section 472, or with leave of the court under Section 473. However, an amended pleading alleging a construction-related accessibility claim shall be pled as required by subdivision (a).

(emphasis added).

Plaintiff's Complaint is deficient under §425.50 in the following ways: (1) Plaintiff's complaint is not verified; (2) Plaintiff failed to specify the date he allegedly encountered barriers; (3) Plaintiff failed to state the manner in which the alleged condition denied him access on a particular occasion.

While state pleading standards do not apply in federal court, (*Oliver v. In-N-Out Burgers*, 286 F.R.D. 475, 477 (S.D. Cal. 2012), the new requirements were intended as a *prerequisite* to the award of *state law* damages. Permitting a plaintiff to litigate the only remaining claim in this forum, which is a state law claim, while avoiding the requirements imposed on the litigating of that very state claim in state court would not only be contrary to California's legislative intent, but would give Plaintiff license to avoid limitations imposed on the very statutory scheme upon

4811-9932-9435.1

10

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND REQUEST TO DECLINE SUPPLEMENTAL JURISDICTION

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   which he bases his claim.  Here, allowing the residual state claim to be litigated

2   would allow Plaintiff to "pick and choose" selective portions of the statute and

3   ignore the rest.  Accordingly, the Court should decline to exercise supplemental

4   jurisdiction pursuant to Plaintiff's state law claim, as Plaintiff's UCRA claim raises

5   novel and complex issues of state law.

6       D.   **State Court Provides a More Efficient Forum for Plaintiff's State**

7          **Law Claim.**

8       California Civil Code §52.2 gives the California Small Claims Court specific

9   jurisdiction of disabled access claims under Civil Code §52 and §54.3.

10  Additionally, California *Code of Civil Procedure* §1033(b) creates strong

11  incentives for plaintiffs to file in the most economical level of California's tiered

12  jurisdictional classifications (Small Claims [Limited Civil under $10,000], Limited

13  Civil [under $25,000], and Unlimited Civil [over $25,000.]).  *See* C.C.P. §1033(b)

14  (limiting or eliminating an award of costs where a lawsuit is "over-filed" and the

15  plaintiff fails to obtain a damage award above the jurisdictional minimum).  Given

16  the existence of this "tiered" system of litigation in state court, it would likely be

17  less costly to the parties if Plaintiff's state-law claim is litigated in state court.

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4811-9932-9435.1

11

1   V.   **CONCLUSION**

2        For the reasons stated above, Defendant respectfully requests that the Court

3   GRANT its Motion in its entirety and decline to exercise supplemental jurisdiction

4   over Plaintiff's remaining state law claim.

5

6   DATED:  September 9, 2019          LEWIS BRISBOIS BISGAARD & SMITH LLP

7

8

9                                     By: _____/s/ Kelley M. Fox_____

10                                        Melissa T. Daugherty
                                          Kelley M. Fox
11                                        Attorneys for Defendant, Public Storage

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        12