Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
Michael J. Manning, Esq. (State Bar No. 286879)
Craig G. Côté, Esq. (State Bar No. 132889)
**MANNING LAW, APC**
4667 MacArthur Blvd., Suite 150
Newport Beach, CA 92660
Office: (949) 200-8755
ADAPracticeGroup@manninglawoffice.com

Attorneys for Plaintiff
CARMEN JOHN PERRI

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARMEN JOHN PERRI, an individual,<br><br>             Plaintiff,<br><br>v.<br><br>PUBLIC STORAGE, a business of unknown form, and DOES 1-10 inclusive,<br><br>          Defendants. | Case No.: 2:18-cv-09248-MWF-AFM<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>**Date:** October 7, 2019<br>**Time:** 10:00 a.m.<br>**Ctrm:** 5A<br><br>Honorable Judge Michael W. Fitzgerald |

**TABLE OF CONTENTS**

I.     PRELIMINARY STATEMENT…..…………………………….....….1

II.    RELEVANT FACTS………………………………………………….2

III.   LEGAL STANDARD……………………………………………….4

1V.    THE PROPERTY IS INACCESSIBLE………………………………....5

       A.    Plaintiff is Disabled……………………………….....…………6

       B.    Defendants Own and Operate a Place of Public Accommodation….…..7

       C.    The Property Has Barriers That Are Readily Achievable to
             Remove……………………………………..……………………7

             1.    Tow Away Signage Is Improper………………………………..8

             2.    The Van Accessible Space Has Insufficient Width Of Access
                   Aisle…………………………………………………….8

             3.    The Standard Accessible Space Has Insufficient Width Of
                   Access Aisle……………………………………………..8

             4     Defendant Did Not Provide Evidence That Interior Barriers
                   Were   Remediated …………………………………………9

       D.    Plaintiff Encountered Violations and is Being Deterred From
             Patronage………………………………………………….10

V.     MR. PERRI'S ADA CLAIM IS NOT MOOT................................................10

VI.    THE COURT CONTINUES TO HAVE SUPPLEMENTAL
       JURISDICTION OVER THE PLAINTIFF'S UNRUH ACT CLAIM…........11

VII.   CONCLUSION…………………………………………………....14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arizona ex rel. Goddard v. Harkins Amusement Enterprises, Inc.*,
   603 F.3d 666 (9th Cir. 2010) ........................................................................5

*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986) ....................................................................................4

*Chapman v. Pier 1 Imports (U.S.) Inc.*,
   631 F.3d 939 (9th Cir. 2011) ....................................................................5, 8

*Cullen v. Netflix, Inc.*,
   880 F.Supp.2d 1017 (N.D. Cal. 2012) ........................................................11

*Long v. Coast Resorts, Inc.*,
   267 F.3d 918, 923 (9th Cir. 2001) ............................................................3, 9

*Mankaruse v. Raytheon Co.*,
   2016 WL 7324154 (C.D. Cal. Dec. 8, 2016) (Selna, J.) ..........................4, 5

*Moeller v. Taco Bell Corp.*,
   816 F.Supp.2d 831 (N.D. Cal. 2011) ...........................................................6

*Molski v. M.J. Cable, Inc.*,
   481 F.3d 724 (9th Cir. 2008) .........................................................11, 12, 13

*Oliver V. Ralphs Grocery Co.*,
   654 F 3d 903 (9th Cir. 2011) ......................................................................11

*Rush v. Denco Enterprises, Inc.*,
   857 F. Supp. 2d 969 (C.D. Cal. 2012) ..........................................................8

**Statutes**

Fed. R. Civ. P. 56(a) ..........................................................................................4

28 C.F.R., Part 36, Appendix ............................................................................8

36 C.F.R., Part 1191, Appendices .....................................................................8

42 U.S.C. § 12102(2)(A) ...................................................................................7

42 U.S.C. § 12181(7)(A) ...................................................................................7

42 U.S.C. § 12182(a) .....................................................................................5, 6

42 U.S.C. § 12182(b)(2)(A)(iv) .................................................................7

42 U.S.C. §§ 12183(a)(2) ........................................................................6

42 U.S.C. § 12188(a) ...............................................................................6

Americans With Disabilities Act of 1990 Title III ................................ *passim*

Civ. Code § 51 (f) ...................................................................................12

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   PRELIMINARY STATEMENT

Plaintiff Carmen John Perri filed this case to cause Defendant Public Storage ("Defendant") to remove architectural barriers and to change its policies regarding accessibility at its storage facility.  Despite Mr. Perri's overtures to resolve the case informally, at its earliest stage, Defendant filed a Motion for Summary Judgment (the "Motion"), greatly increasing the work required by the Court and all parties. The Motion for Summary Judgment was filed without Defendant sharing its CASp report with Mr. Perri prior to filing its Motion.[1]  Instead, Defendant filed this motion asserting that Plaintiff's claim for injunctive relief is moot and this court is therefore without subject matter jurisdiction. Plaintiff's evidence indicates otherwise. Moreover, Defendant's effort to obtain the dismissal of Plaintiff's claim for injunctive relief under the American's with Disabilities Act predicated on a false claim of mootness demonstrates that Defendant is not committed to performing the required injunctive relief and does not currently have a policy of accessibility militating against any future finding of mootness in this case, even if remediation should later be achieved.

Accordingly, on September 10, 2019, Mr. Perri was obliged to reinspect the Property with his own CASp to assess the accuracy of Defendant's assertions that barriers have been eliminated.  Mr. Perri's CASp discovered that barriers identified

---

[1] In fact, during the meet and confer process, Defendant's counsel did not identify all details of how it had altered the Property, that it had conducted an inspection of the Property, or that it acquired a CASp report.  Had Defendant done so, the flaws in its remediation efforts could have been pointed out, outside the context of this motion and with substantially less burden on the parties and the Court.

Further, Defendant brought this motion before responding to Plaintiff's written discovery that pertain to the elements of this action (to which Plaintiff had also granted Defendant extensions to respond). No responses have been tendered and they are now overdue.

in the Complaint remain (some altered improperly such that it exacerbated the barriers). *See Doran v. 7-11, 524 F.3d 1034* (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them). Defendant was on notice in the Complaint that Plaintiff sought to have *all* barriers related to his disability removed, not just the ones Plaintiff first identified that Defendant also failed to fix.  (Complaint ¶ 26).

Defendant's motion must therefore fail because Mr. Perri has submitted evidence that barriers existed (and still exist) on the Property that denied him full and equal access.[2]  At the minimum, Mr. Perri has set forth evidence that creates a genuine issue of material fact that requires denial of Defendant's Motion.

## II.   RELEVENT FACTS

Mr. Perri suffers from a mobility disability caused in part by cervical laminectomy (removal of the back side of 4 vertebrae in his neck) with instrumentation (brackets, screws and rods to hold his neck together). Resultant permanent damage to his nerves causes weakness and fatigue, pain and loss of strength in his arms, hands and legs.  He has also developed permanent nerve damage that has caused increased pain and limits his ability to function in his mobility, especially for any extended period of time, and he has been issued a Disabled Person Parking Placard. (SUF #13) Defendant owns and operates the Public Storage facility located at 11200 West Pico Blvd., Los Angeles, California 90064 (the "Property").

On February 3, 2018, Mr. Perri went to the Property to purchase boxes. During this visit Mr. Perri found multiple barriers to access related to Defendant's

---

[2] The Court is within it power to find partial summary judgment in Mr. Perri's favor *sua sponte* on this issue of access barriers existing on the property. Notably, Defendant does not dispute any other element of Mr. Perri's claims (see infra section IV).

parking, curb ramps, improper signage, and an inaccessible service counter and door latch lock, among other barriers to access. (SUF #14).  On October 17, 2018, Mr. Perri went again to the Property to purchase boxes and see if the barriers to access still existed at the Property, which they did. (SUF #14).  Because Mr. Perri has a mobility disability, the inaccessible conditions he encountered in February and October of 2018 denied him full and equal access to the Property, and caused him unnecessary difficulty, humiliation, frustration, and exposed him to undue risk of falling. (SUF #15-16)

On September 10, 2019, Mr. Perri's investigator and Certified Access Specialist (CASp) Kenneth Arrington, investigated Defendant's Property (SUF #17). Mr. Arrington found that:

1.  Tow away signage has not been provided with the property information for where to reclaim vehicle and telephone number; (SUF #21)

2.  The Van Accessible Space has inadequate space to provide 144" minimum width van parking space and 60" minimum width access aisle; (SUF #22)

3.  The Standard Accessible Space has inadequate space to provide 144" minimum width van parking space and 60" minimum width access aisle; (SUF #23)

Although Defendant claims to have remedied some of the barriers Mr. Perri encountered at the Property, Defendant failed to correct them properly and completely, and barriers to access above in violation of the ADAAG still remain. It is well settled that even substantial compliance and obedience to the spirit of the ADA is insufficient to deny a plaintiff injunctive relief when violation of ADAAG guidelines remain.  *See Long v. Coast Resorts, Inc.* 267 F.3d 918, 923 (9th Cir. 2001).  As a result, Defendant's motion must be denied because it failed to remedy all barriers to access.

In addition to not fully altering the Property to eliminate *all* access barriers,

rather than fix the service counter and inaccessible bathroom on the Property in its front office, Defendant claims to have demolished the entire front office on August 16, 2019. (Motion at 6.)  However, Defendant has presented <u>no evidence</u> that an equivalent front office for Defendant's business is currently located on the Property. Defendant has presented <u>no evidence</u> whether its current front office of the Property has inaccessible features similar to the inaccessible original front office that Defendant purports to have demolished.  Defendant has provided <u>no evidence</u> that construction of a new front office and similar facilities will be accessible and compliant with the ADA in the future.[3] These unknown attributes – not at all addressed by Defendant in its Motion – on their own create another genuine issue of material fact, and on that basis Defendant's motion must be denied.

Further and at a minimum, these are facts that should have been disclosed through the written discovery process.  However, because Defendant brought this motion <u>before</u> responding to Plaintiff's written discovery and Plaintiff has still not received Defendant's discovery responses.

The barriers Mr. Perri encountered in February and October 2019 denied him full and equal access to the Property and its facilities.  Further, because he had been informed that Defendant recently claimed the Property is accessible and has not learned that it is not, he has been further deterred. (SUF #15-16) See *Civil Rights Educ. and Enforcement Center v. Hospitality Props. Trust*, 867 F.3d 1093, 1099 (9th Cir. 2017).  Mr. Perri lives in the Los Angeles area and intends to return to the Property to avail himself of the goods and services offered to the public and to ensure that Defendant ceases evading its responsibilities under federal and state law.

_____

[3] Defendant has presented no evidence that it has corrected barriers in the interior of the Property (e.g. service counter, bathroom, door handles). Through Plaintiff's own investigation, as of September 10, 2019, construction has been undertaken on the Property, apparently to replace the inaccessible front office. Defendant has been using a construction trailer as a temporary office. (SUF #24)

(SUF #16)

## III.   LEGAL STANDARD

Summary judgment is only appropriate where the evidence presented establishes no genuine disputes as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). In assessing the evidence the district court reads the record in the "light most favorable to the nonmovant." *See Mankaruse v. Raytheon Co.*, 2016 WL 7324154, at *2 (C.D. Cal. Dec. 8, 2016) (Selna, J.). "The moving party has the initial burden of establishing the absence of a material fact for trial." Id. (citing *Anderson*, 477 U.S. at 256).

## IV.   THE PROPERTY IS INACCESSIBLE

Under Title III of the Americans With Disabilities Act of 1990 ("ADA"), the general rule is that: "No individual shall be discriminated against on the basis of a disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). The term "discrimination" can be misleading. The ADA applies not just to intentional discrimination but to thoughtlessness and indifference:

> Its passage was premised on Congress's finding that discrimination against the disabled is most often the product, not of invidious animus, but rather of thoughtlessness and indifference, of benign neglect, and of apathetic attitudes rather than affirmative animus. The concept of "discrimination" under the ADA does not extend only to obviously exclusionary conduct—such as a sign stating that persons with disabilities are unwelcome or an obstacle course leading to a store's entrance. Rather, the ADA proscribes more subtle forms of discrimination—such as difficult to navigate restrooms and hard-to-open doors—that interfere with disabled individuals' "full and equal enjoyment" of places of public accommodation.

*Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 944-45 (9th Cir. 2011)

5

(internal quotes and citations removed for readability).

To succeed on his Title III, ADA claim, "a plaintiff must show that: (1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability." *Arizona ex rel. Goddard v. Harkins Amusement Enterprises, Inc.*, 603 F.3d 666, 670 (9th Cir. 2010). "The third element—whether plaintiffs were denied public accommodations on the basis of disability—is met if there was a violation of applicable accessibility standards." *Moeller v. Taco Bell Corp.*, 816 F.Supp.2d 831, 847 (N.D. Cal. 2011) *citing*, *Chapman*, 631 F.3d at 945. This is because discrimination is defined both as either a failure to ensure that alterations are "readily accessible to and useable by persons with disabilities" and, where there are no alterations, "a failure to remove architectural barriers…in existing facilities…where such removal is readily achievable." 42 U.S.C. §§ 12183(a)(2); 12182(b)(2)(A)(iv). Thus, the following is a simplified statement of the elements necessary for the plaintiff to prove discrimination under this section:

1.  Plaintiff must be disabled. 42 U.S.C. § 12182(a);
    The defendant's facility must be a place of "public accommodation" and, therefore, governed by Title III of the ADA *Id.*;

2.  The defendant must be responsible parties, i.e., owners, operators, lessors or lessees. *Id.*;

3.  The defendant's facility must have either undergone an alteration that did not comply with the access standards or contain an easily removed barrier that the defendant failed to remove. 42 U.S.C. §§ 12183(a)(2); 12182(b)(2)(A)(iv);

4.  Plaintiff must have actually encountered this non-removed and unlawful barrier. 42 U.S.C. § 12188(a).

In their moving papers, Defendant does not challenge the first, second, and

fourth elements for Mr. Perri's ADA claim and only alleges that all barriers to access have been corrected. Nevertheless, Mr. Perri will discuss each element, seriatim.

### A.    Plaintiff is Disabled

Mr. Perri suffers from a mobility due to injury to his spinal cord and permanent damage to his nerves resulting in pain and loss of strength in his arms, hands and legs. He has been issued a Disabled Person Parking Placard. (SUF #13) There can be little doubt that he fits the qualification under the Americans with Disabilities Act as a person with a disability. 42 U.S.C. § 12102(2)(A) (defining a physical impairment substantially affecting a major life activity as qualifying as a disability).  Defendant does not dispute this in its moving papers.

### B.    Defendant Own and Operate a Place of Public Accommodation

Defendant owns and operates the property located at 11200 West Pico Blvd., Los Angeles, California 90064 (the "Property"), which is a storage facility and a service establishment, and sales or rental establishment. Service, sales, and rental establishments are expressly identified under the ADA as places of public accommodation. 42 U.S.C. § 12181(7)(E) and (F).  Defendant is the owner and operator of the storage facility at the Property. The Defendant, therefore, has an obligation to comply with the anti-discrimination provisions of Title III of the Americans with Disabilities Act. Defendant does not dispute this in its moving papers.

### C.    The Property Has Barriers That Are Readily Achievable to Remove

The ADA defines "discrimination" as a failure to remove architectural barriers where it is readily achievable to do so. 42 U.S.C. § 12182(b)(2)(A)(iv). The term "barrier" is not defined in the Act itself but is defined in the Technical Assistance Manual:

> III-4.4100: What is an architectural barrier? Architectural barriers are physical elements of a facility that impede access by people with

1
2
> disabilities. These barriers include more than obvious impediments such as steps and curbs that prevent access by people who use wheelchairs.

3 Department of Justice, Technical Assistance Manual on the American with

4 Disabilities Act (BNA) §§ III-4.4100 (1991). Case law is more specific. "To

5 determine if Plaintiff describes an 'architectural barrier' the Court must turn to the

6 ADA Accessibility Guidelines for Buildings and Facilities ("ADAAG"). If an

7 element does not meet or exceed ADAAG standards, it is considered a barrier to

8 access." *Rush v. Denco Enterprises, Inc.*, 857 F. Supp. 2d 969, 973 (C.D. Cal. 2012)

9 (internal cites omitted). "Any element in facility that does not meet or exceed the

10 requirements set forth in the ADAAG is a barrier to access." *Chapman v. Pier 1*

11 *Imports (U.S.) Inc.*, 631 F.3d 939, 945 (9th Cir. 2011) (identifying this as the formal

12 position of the Department of Justice). These are "objective" and "precise"

13 standards and "the difference between compliance and noncompliance" is "often a

14 matter of inches." *Id.* Defendant does not dispute in their moving papers that

15 removal of all barriers to access on the Property are not readily achievable.

16 ### 1. Tow Away Signage Is Improper

17 Tow away signage has not been provided with the property information for

18 where to reclaim vehicle and telephone number. 2010 Standards § 502.8.2. (SUF

19 #21; **Exhibit A**). Defendant should provide new signs at the entry to its parking

20 facility and accessible spaces. This is a violation of the ADA.

21 ### 2. The Van Accessible Space Has Insufficient Width Of Access Aisle

22 The van accessible space is 107" wide and has a 93" wide access aisle in

23 violation of 1991 Standards §§ 4.6.3, 4.1.2(5)(b), A4.6.3; 2010 Standards §§ 502.1,

24 502.2, 502.3.1. (SUF #22; **Exhibit A**). Van accessible parking space is less than

25 144" and the access aisle is less than 60" wide (or the van accessible space is less

26 than 108" wide when a 96" minimum access aisle is provided as is here) 1991

27 Standards §§ 4.6.3, 4.1.2(5)(b), A4.6.3; 2010 Standards §§ 502.1, 502.2, 502.3.1.

28 (SUF #22; **Exhibit A**).

1    To be accessible under the ADA, Defendant must re-stripe existing parking
2 spaces as necessary to provide the 144" minimum width van parking space and a 60"
3 minimum width access aisle.  If re-striping reduces the total number of parking
4 spaces, Defendant should check zoning ordinances or other regulations for
5 compliance with minimum requirements.  When space and access aisle is re-striped,
6 Defendant must ensure that the ISA pavement signage and the "NO PARKING"
7 sign in the access aisle are compliant.  Defendant must outline access aisle in blue
8 and paint hatching a contrasting color from the parking space (white).

9        ***3.    The Standard Accessible Space Has Insufficient Width Of Access***
10            ***Aisle***

11    The standard accessible space is 104.5" wide and has a 93" shared access aisle
12 in violation of 1991 Standards §§ 4.6.3, 4.1.2(5)(b), A4.6.3; 2010 Standards §§
13 502.1, 502.2, 502.3.1. (SUF #23; **Exhibit A**).  Van accessible parking space is less
14 than 144" and the access aisle is less than 60" wide (or the van accessible space is
15 less than 108" wide when a 96" minimum access aisle is provided)

16    To be accessible under the ADA, Defendant must re-stripe existing parking
17 spaces as necessary to provide the 144" minimum width van parking space and a 60"
18 minimum width access aisle.  If re-striping reduces the total number of parking
19 spaces, Defendant should check zoning ordinances or other regulations for
20 compliance with minimum requirements.  When space and access aisle is re-striped,
21 Defendant must ensure that the ISA pavement signage and the "NO PARKING"
22 sign in the access aisle are compliant.  Defendant must outline access aisle in blue
23 and paint hatching a contrasting color from the parking space (white).

24        ***4.    Defendant Did Not Provide Evidence That Interior Barriers Were***
25            ***Remediated***

26    In addition to not fully altering the Property to eliminate *all* access barriers,
27 rather than fix the service counter and inaccessible bathroom on the Property in its
28 front office, Defendant claims to have demolished the entire front office on August

9

16, 2019. (Motion at 6.)  However, Defendant has presented <u>no evidence</u> (1) that an equivalent front office for Defendant's business is currently located on the Property, (2) whether its current front office of the Property has inaccessible features similar to the inaccessible original front office that Defendant purports to have demolished, and (3) that construction of a new front office and similar facilities will be accessible and compliant with the ADA in the future.  These unknown attributes are not at all addressed by Defendant in its Motion and create another genuine issue of material fact.  On these bases too, Defendant's motion must be denied.

In sum, the Defendant failed to remove barriers that were readily achievable to remove and, therefore, violated and continues to violate Mr. Perri's rights under the ADA.  *See supra Long,* 267 F.3d at 923; *Chapman,* 631 F.3d at 944-45.

### D.   Plaintiff Encountered Violations and is Being Deterred From Patronage

Not only did Mr. Perri personally encounter these violations, but he faces the threat of continued and repeated violations. As established above, Defendant failed to provide accessible facilities on the date of Mr. Perri's initial visits, and continue to operate the inaccessible Property after incorrectly claiming that all barriers to access have been removed, rushing to file a summary judgment motion, and skirting its discovery obligations so Plaintiff has an opportunity to present facts to properly address Defendant's assertions. This failure and attempt to rush to judgment without due diligence demonstrates an apathy or an ignorance about compliance. Defendant should not only be required to provide accessible features throughout the Property, they should also be required to implement a policy and procedure to maintain the Property's accessibility. Until then, Plaintiff will continue to be aggrieved by the likelihood of the recurring architectural barriers.

## V.   MR. PERRI'S ADA CLAIM IS NOT MOOT

Defendant argues that Mr. Perri's ADA claim is moot because the claimed access barriers have been remedied. (Motion at 7-8.)   As set forth above in section

"IV", **Mr. Perri's ADA claim is not moot because all barriers identified in the Complaint were not remedied**.

As set forth above, Defendant has made an inadequate showing that the barriers Mr. Perri encountered and identified in the Complaint have been removed – as to parking and improper signage, among other barriers to access.  All of these barriers were not remedied and a few of Defendant's attempts even exacerbated the barriers.  (SUF #21-23; **Exhibit A**).

Also, Defendant was further on notice in the Complaint that Mr. Perri sought to have all barriers related to his disability removed. (Complaint ¶ 26).  Mr. Perri has demonstrated that other barriers to access also exist related to Plaintiff's mobility that Defendant did not even attempt to fix.  *See Doran, 524 F.3d 1034*. (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).

Defendant's motion must fail because Mr. Perri has submitted evidence herein that barriers existed and still exist on the Property that denied Plaintiff full and equal access. At the minimum, Mr. Perri has set forth evidence that creates a genuine issue of material fact as to the whether his ADA cause of action is moot.

## VI.   THE COURT CONTINUES TO HAVE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S UNRUH ACT CLAIM

The Unruh Civil Rights Act provides that "a violation of the right of any individual under the Americans with Disabilities Act of 1990 shall also constitute a violation of this section." Civ. Code § 51(f). "A violation of the ADA is, by statutory definition, a violation of both the Unruh Act and the DPA." *Cullen v. Netflix, Inc.*, 880 F.Supp.2d 1017, 1023 (N.D. Cal. 2012). "Because the Unruh Act is coextensive with the ADA and allows for monetary damages, litigants in federal court in California often pair state Unruh Act claims with federal ADA claims." *See Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730-31 (9th Cir. 2008). As discussed above under

section "IV", the Defendant violated the ADA, and the same types of violations alleged in the Complaint were confirmed a CASp inspector, Mr. Arrington, on September 10, 2019. (SUF #16, 19-22) Thus, there have been and still are per-se violations of the Unruh Act because there are currently violations of the ADA. Dismissal of Plaintiff's ADA claim is not warranted here so his state law claim under the Unruh Civil Rights Act survives.

Defendant further claims that the Court should decline to exercise supplemental jurisdiction on the grounds that Plaintiff's state law claim provides statutory damage remedies that the ADA does not provide, which raises novel and complex issues. (Motion at 9.)  Simply because there is an additional remedy of damages does not raise novel and complex issues.  Indeed, the issues are identical because a violation of the ADA is a violation of the Unruh Act.  Civ. Code § 51(f). There is therefore no complex or novel analysis that need to be undertaken. Accordingly, the Unruh Act claim does not raise any legal issues that are any more novel or complex (or different) from his ADA claim over which the Court has original jurisdiction.   For this same reason, Plaintiff's Unruh Act also cannot predominate over his ADA claim on the scope of the issues.

Defendant then argues that Mr. Perri's state law claim substantially predominates over the ADA claim because there are certain procedural prefiling requirements in state court under California Code of Civil Procedure § 425.50. Irrespective of whether Mr. Perri is a high frequency litigant under the relevant state court definition, courts have consistently found that California's high frequency litigant requirements are procedural that do not apply in federal court under Erie doctrine principles.  *See, e.g., Oliver v. In-N-Out Burgers*, 286 F.R.D. 475, 477-78 (S.D. Cal. 2012) (noting that the provisions of Cal. Code Civ. Proc. § 425.50 conflict with Federal Rule of Civil Procedure 8(a)(2) and applying the Federal Rules); Strong v. Diana E. Johnson, Trustee of the Diana E. Johnson Trust Dated July 25, 2013, No. 16cv1289-LAB (JMA), 2017 WL 201737, at *3 (S.D. Cal. Jan. 18, 2017)

("Defendant has raised arguments concerning Strong's failure to comply with Cal. Civ. Proc. Code §§ 425.50, et seq. and Cal. Civil Code §§ 52 and 54.3. But under the Erie Doctrine, the Court applies federal, not state, procedural requirements."); *Johnson v. Mariani,* 2017 WL 2929453, at *2 (N.D. Cal. July 10, 2017) ("the Court finds that the complaint need not meet the pleading requirements set forth in § 425.50 because those requirements are state procedural rules and are not applicable to the complaint here."); *Anglin v. Bakersfield Prosthetics & Orthotics Center, Inc.*, 2013 WL 6858444 at *5 (E.D. Cal. Dec. 30, 2013) ("[T]he requirements of CCP section 425.50 do not govern Plaintiff's complaint in federal court....").

Defendant finally argues that state court is a more efficient forum for Mr. Perri's state law claim. (Motion at 11.)  To the contrary, dismissal of Mr. Perri's Unruh Act claim (if his ADA claim survives here) will only result in duplicity of litigation. The principles of judicial economy are not served by dismissing Plaintiff's state claim, forcing Plaintiff to refile it in state court and pay a new filing fee, pay for new service of process, have the defendant pay the state court required first appearance fees, holding a case management conference, filing dispositive motions that will raise the identical issues that would be here, and then prepare for a separate trial date. "Forcing these parties to litigate two nearly-identical cases in separate venues—one here and one in state court—is neither convenient, economical, nor fair." *Baker v. Palo Alto University, Inc.*, 2014 WL 631452, *2 (N.D. Cal. 2014).

Defendant's arguments that the Court should not to exercise supplemental jurisdiction over Mr. Perri's Unruh Act claim, absent dismissal of his ADA claim, are (1) that his state law claim raises novel and complex issues of state law (it does not because a violation of the ADA is a violation of the Unruh Act); that (2) the high frequency litigation statute under CCP § 425.50 makes the Unruh Act predominate over Mr. Perri's ADA claim (Defendant has not established that Plaintiff is a high frequency litigant, and such additional requirements are procedural and do not apply to federal court such that they could predominate); and (3) state court provides a

more efficient forum (it does not because it will result in duplicative lawsuits). Defendant's arguments are without merit and Mr. Perri's Unruh Act claim should remain because barriers to access remain on the Property and his ADA claim is not moot.

## VIII.  CONCLUSION

Defendant failed to offer evidence to support their motion that all barriers encountered by Mr. Perri at the Property have been removed, and Mr. Perri has offered admissible evidence that physical barriers to access related to his disability currently exist on the Property. Mr. Perri respectfully requests this Court deny Defendant's motion for Partial summary judgment, and intends to amend the complaint and file his own motion for summary judgment at the earliest opportunity. If the Court finds Defendant's motion has any merit, Plaintiff respectfully requests leave to amend to remedy any perceived errors.

DATED: September 16, 2019          Respectfully submitted,
                                   MANNING LAW APC


                                   By:  */s/ Joseph R. Manning, Jr.*
                                        Joseph R. Manning, Jr.